SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
cayers@seegerweiss.com

Local Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SASA TANASKOVIC, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:19-cv-15053-SRC-CLW |
| | ) ) | **MOTION TO STRIKE OR, IN THE ALTERNATIVE, LEAVE TO FILE THE SUR-REPLY INCLUDED HEREIN** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| REALOGY HOLDINGS CORP., et al., | ) ) | |
| Defendants. | ) ) | |

Lead Plaintiff Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust ("Lead Plaintiff") hereby submits this response to Defendants' January 5, 2021 correspondence which seeks to "advise" the Court that the U.S. Department of Justice's ("DOJ") investigation into anticompetitive practices in the residential real estate brokerage industry culminated in the DOJ's November 19, 2020 filing of: (i) a complaint

- 1 -

against the National Association of Realtors ("NAR") alleging a violation of Section 1 of the Sherman Act, 15 U.S.C. §1; (ii) a [Proposed] Stipulation and Order resolving that complaint; and (iii) a related Competitive Impact Statement (collectively, the "DOJ Filings").  *See* ECF No. 47.

As set forth below, Lead Plaintiff respectfully requests that: (1) the Court strike and/or disregard any reference to the DOJ Filings, and reject Defendants' efforts to have the Court rely on the DOJ Filings to resolve the disputed factual allegations of Lead Plaintiff's Complaint, or in the alternative, (2) the Court grant leave to file the brief sur-reply included herein, which demonstrates that the DOJ Filings corroborate the Complaint's allegations, and provide further support for denying Defendants' motion to dismiss.

## I.    The Court Should Strike and/or Disregard the DOJ Filings

The Court should strike and/or disregard any reference to the DOJ Filings, and Defendants' attempt to use the DOJ Filings to dispute the Complaint's factual allegations should be rejected.  The DOJ Filings are outside the four corners of the Complaint, were filed two months *after*[1] the parties completed briefing on the

---

[1]   The DOJ Filings became publicly available on November 19, 2020. *See Justice Department Files Antitrust Case and Simultaneous Settlement Requiring National Association of Realtors® To Repeal and Modify Certain Anticompetitive Rules*, DOJ OFFICE PUB. AFFAIRS (Nov. 19, 2020) https://www.justice.gov/opa/pr/justice-department-files-antitrust-case-and-simultaneous-settlement-requiring-national. Defendants then waited approximately six weeks before filing them with this Court.

motion to dismiss, (ECF No. 39) and Defendants are prohibited from introducing evidence at this phase. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (holding documents outside the complaint cannot be considered at the motion to dismiss stage unless the complaint is "based on" the extrinsic documents); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Defendants are further prohibited from requesting that the Court take judicial notice of the DOJ Filings in order to dispute the Complaint's well-pleaded facts. *See United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 141 (E.D. Pa. 2012) (holding that courts may take judicial notice of the existence of other judicial proceedings but cannot make findings of fact based on them or rely on the documents for the truth of the matters asserted); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (noting the "concerning pattern in securities cases" where defendants "exploit[]" incorporation by reference and judicial notice "improperly" to defeat otherwise "adequately stated claims at the pleading stage").

Finally, by making a mere cursory reference to the DOJ Filings in a letter correspondence, Defendants effectively waived any ability to argue the DOJ Filings should be considered in conjunction with their motion to dismiss. *See Pa. Dep't of*

- 3 -

*Pub. Welfare v. U.S. Dep't of Health & Human Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (finding that an argument briefly mentioned for the first time in a reply brief in a conclusory manner was waived).

## II.     The Court Should Grant Leave to File the Brief Sur-Reply Included Herein

In the alternative, to the extent the Court considers the DOJ Filings in evaluating the sufficiency of the Complaint, Lead Plaintiff respectfully requests that it be granted leave to file the brief sur-reply included herein. *See United States v. Fishoff*, No. 15-586 (MAS), 2016 WL 4414780, at *1 n.2 (D.N.J. Aug. 16, 2016) (granting a sur-reply to afford the opposing party an opportunity to respond to argument and cases newly raised on reply); N.J.L.C.R. 7.1(d)(6).

### A.     Lead Plaintiff's Sur-Reply

In the event the Court is apt to consider the DOJ Filings, it should note that the DOJ Filings specifically corroborate the Complaint's allegations, finding that: (i) NAR's (and consequently Realogy's) buyer broker commissions practices "result[ed] in a lessening of competition among real estate brokers to the detriment of American home buyers"; (ii) NAR's buyer broker commission rules relieved Realogy from "the necessity of competing against" other brokers; made "home buyers both less likely and less able to negotiate a discount or rebate off the offered commission"; permitted Realogy to "steer[] buyers away from homes with lower buyer broker commissions"; and "encourage[d] and perpetuate[d] the setting of

- 4 -

persistently high commission offers by sellers and their listing agents"; and that (iii) NAR's policies constituted "agreements among real estate brokers" like Realogy, that "collectively unreasonably restrain[ed] trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1." *See* ECF No. 47, at Ex. A ¶¶1, 2, 15-19, 22-24, 27-29, and Ex. C at 5-10.

These allegations are substantially similar to the Complaint's allegations that Defendants intentionally engaged in "anti-competitive" "buyer broker compensation" practices, "orchestrated to maintain and artificially inflate the market-driven [Average Broker Commission Rate ("ABCR")]," that minimized brokers need to "compete to be retained by offering a lower commission" and encouraged agents to "not show homes . . . offering a lower broker commission." *See* ECF No. 27 at ¶¶75-80, 287-288; *see also*, ECF No. 42 at 20 (Defendants' "conduct kept the ABCR stable, stifled competition that would have lowered buyer broker commissions, and, in turn, benefitted Realogy's financial performance.").

There is, therefore, no tension between the Complaint's allegations and the DOJ's findings of NAR's anti-competitive policies, practices, and behavior.[2]

---

[2] Any attempt by Defendants to use the DOJ Findings to argue otherwise would create an improper factual dispute that cannot be used to dismiss Lead Plaintiff's Complaint. *See, e.g.*, *Omanoff v. Patrizio & Zhao LLC*, Civil Action No. 14-723, 2015 WL 1472566, at *6 (D.N.J. Mar. 31, 2015) (holding defendants' argument created "a factual dispute that cannot be adjudicated at [the motion to dismiss] stage.").

Indeed, the Complaint alleges that Realogy was an MLS member and that Defendants' improper behavior "centered around NAR's adoption and implementation" of these policies. *See* ECF No. 27 ¶¶77-78. As noted in Lead Plaintiff's existing arguments in its opposition to Defendants' motion to dismiss, Defendants' Class Period statements were false and misleading because they failed to disclose Defendants' "intentional behavior" that "prevent[ed] disruption of the ABCR (regardless of whether [the actions of Defendants' themselves were] legal.)." *See* ECF No. 42 at 20-21.

## III. Conclusion

For the above reasons, the Court should either strike and/or disregard any reference to the DOJ Filings, or, in the alternative, grant Lead Plaintiff leave to file the sur-reply included herein, and find the DOJ Filings provide further support for denying Defendants' motion to dismiss.

DATED: January 11, 2021

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER

/s/ Christopher A. Seeger

CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
cayers@seegerweiss.com

Local Counsel for Plaintiff

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (*pro hac vice*)
ROBERT J. ROBBINS (*pro hac vice*)
KATHLEEN B. DOUGLAS
(*pro hac vice*)
BAILIE L. HEIKKINEN (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  (561) 750-3000
Fax: (561) 750-3364
jreise@rgrdlaw.com
rrobbins@rgrdlaw.com
kdouglas@rgrdlaw.com
bheikkinen@rgrdlaw.com

Lead Counsel for Lead Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification to all counsel of record and paper copies were sent to those indicated as non-registered participants.


/s/ Christopher A. Seeger
Christopher A. Seeger